**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 3:21-CR-0226-M(1)** |
| | § | |
| **RAYSHUN JACKSON** | § | |

**DEFENDANT'S MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE**

Defendant Rayshun Jackson ("Defendant"), by and through undersigned counsel, respectfully moves this Court pursuant to 18 U.S.C. § 3583(e)(1) for early termination of his term of supervised release. In support thereof, Defendant states as follows:

**BACKGROUND**

On September 20, 2021, Defendant pled guilty to Count 1 of the Superseding Information, charging him with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 371 (18 U.S.C. § 1956(a)(3)(B)). Dkt. 22–23. Defendant had no prior criminal history.

On August 16, 2022, this Court sentenced Defendant to sixty months of imprisonment. That was served at the Federal Prison Camp in Montgomery, Alabama, followed by a twenty-four month term of supervised release. Dkt. 71. Defendant surrendered to the Federal Bureau of Prisons on November 15, 2022.  Mr. Jackson then completed his term of imprisonment on February 14, 2025.

Defendant has now successfully completed more than twelve months of his twenty-four month term of supervised release—exceeding more than fifty percent of the total term imposed. Throughout his supervised release, Defendant has maintained perfect compliance with all conditions of his supervision. He has not incurred any violations—technical or otherwise—and

has demonstrated complete adherence to every requirement imposed by this Court and the United States Probation Office.  Undersigned counsel has confirmed this with the United States Probation Officer as of February 17, 2026.

**Defendant's supervising United States Probation Officer, Ellie Valdelamar, with the Eastern District of Texas, has confirmed that she is unopposed to Defendant being released early from his supervision and is therefore unopposed to this Motion.**

## STATUTORY AUTHORITY

Title 18, United States Code, Section 3583(e)(1) authorizes the Court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" if "it is satisfied that such action is warranted by the conduct of the defendant released and [in] the interest of justice." 18 U.S.C. § 3583(e)(1). In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  Defendant has served in excess of one year of supervised release and therefore satisfies the statutory prerequisite for this motion.

## DEFENDANT'S EXEMPLARY CONDUCT WARRANTS EARLY TERMINATION

### A. Achievements During Incarceration

While in the custody of the Federal Bureau of Prisons, Defendant achieved significant milestones that reflect genuine rehabilitation and a steadfast commitment to self-improvement. More specifically, Mr. Jackson

- Successfully graduated from the Residential Drug Abuse Program ("RDAP") for alcohol, having served as both a mentor and a senior leader in the program;

- Was awarded leadership positions requiring tremendous trust, including serving as the Town Car Driver, whose daily responsibilities included transporting inmates to medical facilities, airports, and other locations around the city;

- Received two national certifications in logistics and forklift operation; and

- Obtained his Commercial Driver's License ("CDL") while in federal custody.

**B. Exemplary Compliance on Supervised Release**

Since his release, Defendant has continued to demonstrate exemplary conduct throughout his period of supervised release. His record of compliance is flawless. Mr. Jackson has successfully completed Transitional Drug Abuse Treatment ("TDAT"), reported to his probation officer as required without fail, maintained lawful, full-time employment (with a very good high-paying job), maintained a stable residence with his wife and special needs son, committed no new criminal offenses of any kind, incurred zero technical violations, helped pay for two of his children to complete college, and fully complied with all standard and special conditions of his supervision -- including financial disclosures, substance abuse treatment/mental health treatment requirements. Defendant poses no risk to public safety and has fully reintegrated into society as a law-abiding, productive citizen. In addition, Defendant owes no fines or restitution.

<u>**THE INTEREST OF JUSTICE SUPPORTS EARLY TERMINATION**</u>

The interests of justice strongly favor granting this motion. As the Supreme Court has explained, the primary purpose of supervised release is "to assist individuals in their transition to community life" and to "fulfill[] rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114 (2000). Defendant has successfully made this transition. Supervised release serves no further purpose for someone like Mr. Jackson. He has demonstrated through more than twelve months of perfect compliance that continued

supervision is unnecessary to achieve these statutory goals.  He presents no identified risk to the public.

The Committee on Criminal Law of the Judicial Conference has wisely stated that terminating appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism.  This policy recognizes that judicial and probation resources are best allocated to higher-risk supervisees who require closer monitoring—not to fully rehabilitated individuals such as Mr. Jackson.  The Fifth Circuit has also recognized that the statutory test for early termination under § 3583(e)(1) is broad, encompassing both the "conduct of the defendant" and the "interest of justice." *U.S. v. Jeanes*, 150 F.3d 483, 484 (1998). These expansive phrases make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination. *Id.*

## SECTION 3553(a) FACTORS WEIGH IN FAVOR OF EARLY TERMINATION

### A. Nature and Circumstances of the Offense and History and Characteristics of the Defendant (§ 3553(a)(1))

Defendant has fully served the punitive portion of his sentence—incarceration. He had no prior criminal history before this offense. Since his release, he has demonstrated through his conduct that he has been fully rehabilitated. His more than twelve months of perfect compliance reflects not merely passive adherence to rules, but an active commitment to lawful behavior and productive citizenship. He has secured steady employment, is married, takes care of his special needs son, and he is actively supporting his other children's higher education—hallmarks of a man fully committed to a law-abiding, productive life.

### B. The Need for Deterrence, Public Protection, and Correctional Treatment (§ 3553(a)(2)(B)–(D))

Mr. Jackson has been adequately deterred from future criminal conduct. His years of incarceration followed by more than twelve months of successful supervised release have accomplished the goal of specific deterrence. Continued supervision would add nothing to the deterrent effect already achieved. Mr. Jackson also poses no identifiable risk to public safety. He has committed no new offenses and has demonstrated stable reintegration into the community through steady employment, stable housing, and compliance with all conditions of his release. There is no evidence suggesting that termination of supervision would endanger the public in any way. Mr. Jackson also successfully completed all required treatment, including RDAP during his incarceration and TDAT following his release. He does not require additional correctional treatment that would necessitate continued supervision. The rehabilitative goals of supervised release have been fully achieved.

## C. Sentencing Guidelines and Policy Statements (§ 3553(a)(4)–(5))

The United States Sentencing Commission has recognized that courts are encouraged to exercise the authority to terminate supervised release early in appropriate cases. The Guidelines identify several factors favoring early termination, including completion of treatment programs and reduced risk of recidivism. Mr. Jackson satisfies all of these criteria.

## D. Avoiding Unwarranted Sentencing Disparities (§ 3553(a)(6))

Granting early termination in this case would not create unwarranted sentencing disparities. To the contrary, maintaining supervision over a fully rehabilitated defendant who has demonstrated more than twelve months of perfect compliance—while similarly situated defendants with comparable records are routinely granted early termination—would itself create an unwarranted disparity.

## E. Restitution (§ 3553(a)(7))

Defendant owes no fines or restitution. Defendant has satisfied all financial obligations arising from his sentence, including the special assessment of $100.00.

## CONTINUED SUPERVISION SERVES NO PENOLOGICAL PURPOSE

The rehabilitative purpose of supervised release has been accomplished. Defendant has successfully transitioned from incarceration to community life. He is gainfully employed, supports his family, has completed all required treatment, and has maintained an unblemished record of compliance. There is no remaining penological objective that continued supervision would serve. Requiring Defendant to remain under supervision in these circumstances would serve only to consume limited judicial and probation resources that are better directed toward individuals who continue to pose a genuine risk of recidivism.

## VII. CONCLUSION

For all the foregoing reasons, Defendant Rayshun Jackson respectfully requests that this Court grant this Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1) and enter an Order discharging Defendant from further supervised release.

Respectfully submitted,


By: /s/Brandon McCarthy
Brandon N. McCarthy
State Bar No. 24027486
Brandon.mccarthy@katten.com
KATTEN MUCHIN ROSENMAN LLP
2121 N. Pearl Suite 1100
Dallas, TX 75201
Telephone: 214.765.3600
Facsimile: 214.765.3602

Attorney for Rayshun Jackson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2026, a true and correct copy of the foregoing Defendant's Motion for Early Termination of Supervised Release was served via the Court's CM/ECF system on all counsel of record.

*/s/Brandon McCarthy*
Brandon N. McCarthy
